IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00936–REB–KMT

JOHN MORGAN,
DUSTIN COOK,
PAUL STARK, and
JERROD THOELE,

      Plaintiffs,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, in his official capacity,
JEFFREY WELLS, Community Parole Officer, in his individual and official capacities,
JIM KELLER, Colorado Department of Corrections Parole Team Leader, in his individual and official capacities,
LIESL SCHUMACHER, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities,
JOHN OREY, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities, and
JAMES J. FITZPATRICK, Commander, Special Operations Unit, in his individual and official capacities,

      Defendants.

---

**ORDER**

---

This matter is before the court on Defendants Clements, Wells, Keller, Schumacher, and Orey's (hereinafter "Defendants") "Motion to Stay Discovery."[1] (Doc. No. 12, filed July 2, 2012

---

[1] This Motion was not filed on behalf of Defendant Fitzpatrick as he is no longer employed with the Colorado Department of Corrections ("CDOC") and therefore the CDOC did not accept or waive service on his behalf. Additionally, Defendant Fitzpatrick has not yet been

["Mot. Stay"].) Plaintiffs filed their "Response to Defendant's Motion to Stay" on July 18, 2012 (Doc. No. 20 ["Resp."]) and Defendants filed their "Reply in Support of Their Opposed Motion to Stay Discovery" on July 25, 2012 (Doc. No. 22 ["Reply"]). For the following reasons, Defendants' Motion is DENIED.

Plaintiffs' Amended Complaint (Doc. No. 14, filed July 2, 2012) asserts five claims for relief under 42 U.S.C. § 1983 alleging that Plaintiffs were unlawfully imprisoned after they were arrested for parole violations. In their Partial Motion to Dismiss, Defendants argue, among other things, that Plaintiffs Morgan's, Cook's, and Stark's claims are barred by the applicable statute of limitations. (*See* Doc. No. 19, filed July 16, 2012 [Partial Mot. Dismiss].) Accordingly, in their Motion to Stay, Defendants argue that discovery in this matter should be stayed until this statute of limitations issue is resolved by a ruling on Defendants' Partial Motion to Dismiss. (Mot. Stay at 2-3.)[2]

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

---

served with process.

[2] Defendants' Motion to Stay also argues that their assertion of qualified immunity warrants a stay of proceedings. (Mot. Stay at 3-4.) However, Defendants dropped that argument after Plaintiff's Amended Complaint was filed. (*Compare* Partial Mot. Dismiss *with* Mot. Dismiss, Doc. No. 11, filed June 11, 2012).

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

A stay of all discovery is generally disfavored.  *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009).  However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010).  Thus, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  *See, e.g. Siegert v. Gilley,* 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry,* 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC,* 508 F.3d 1062, 1064 (D.C. Cir. 2007) (nothing that the reason

jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Defendants rely primarily on a single decision from this district in support of their argument that the assertion of a statute of limitations defense warrants a stay of discovery. (Mot. Stay at 2 (citing *Alexander v. Foegen,* No. 10-cv-01993-MSK-MEH, 2011 WL 683813, at *1-2). The stay granted in *Alexander* was premised upon the conclusion a statute of limitations defense presents a jurisdiction issue. *Alexander,* 2011 WL 683813, at *1. The court disagrees with this conclusion. To be sure, *McCoy v. Damron,* 9 F. App'x 994, 996 (10th Cir. 2001), creates some ambiguity on this point by suggesting, in passing, that the statute of limitations presents a "jurisdictional issue." However, *McCoy* is contrary to several other Tenth Circuit decisions, *see Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that dismissal on limitations grounds is a judgment on the merits); *Schrader v. Richardson,* 461 F. App'x 657, 660

(10th Cir. 2012) (addressing Eleventh Amendment immunity before the statute of limitations because the *former* is "jurisdictional in nature"), as well as a number of decisions from other circuits, *see, e.g., Krug v. Imbordino,* 896 F.2d 395, 397 (9th Cir. 1990) (in § 1983 cases, the statute of limitations is not jurisdictional, but rather an affirmative defense); *Smith v. City of Chicago Heights,* 951 F.2d 834, 839 (7th Cir. 1992) (statute of limitations governing § 1983 actions is procedural rather than jurisdictional); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986) ("A statute of limitations time bar is not jurisdictional; rather it constitutes an affirmative defense that the defendant must raise in the answer or else waive.")

Moreover, as its title plainly suggests, resolving Defendants' Partial Motion to Dismiss will not dispose of this entire action. *Nankivil*, 216 F.R.D. at 692. Rather, Plaintiff Thoele's claims will proceed regardless of the resolution of Defendants' Partial Motion to Dismiss.

Additionally, the court finds that the *String Cheese* factors outlined above do not commend a stay of discovery. As to the first factor, Plaintiffs have an interest in proceeding without delay. *See String Cheese Incident, LLC,* 2006 WL 894955, at *2 (granting an indefinite stay would "significantly impact and prejudice plaintiff's right to pursue [its] case and vindicate its claims expeditiously") (citation and internal quotation marks omitted). The court is not convinced Plaintiffs' interest is outweighed by the burden of proceeding on claims that may be dismissed. As discussed above, Defendants do not maintain that the court lacks jurisdiction over Plaintiffs' claims or that they are entitled to immunity therefrom—rather they simply move to dismiss some of Plaintiffs' claims as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any

time a defendant files a motion to dismiss, even if that motion will not resolve the entire action. This result would not only be contrary to the disfavored status of stays in this district, *see Bustos*, 257 F.R.D. at 623, but would also make the court's docket throughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Finally, neither the interests of nonparties or the public interest in general prompt the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Sanaah,* 2009 WL 980383, at *1. Accordingly, on balance, the court finds that a stay of discovery is unwarranted in this case.

Therefore, for the foregoing reasons, it is

ORDERED that Defendants' "Motion to Stay Discovery" (Doc. No. 12) is DENIED.

Dated this 31st day of July, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge