IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00936-REB-KMT

JOHN MORGAN;
DUSTIN COOK;
PAUL STARK; and
JERROD THOELE;

Plaintiffs,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, in his official capacity;
JEFFREY WELLS, Community Parole Officer, in his individual and official capacities;
JIM KELLER, Colorado Department of Corrections Parole Team Leader, in his individual and official capacities;
LIESL SCHUMACHER, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities;
JOHN OREY, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities;

Defendants.

_____

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**
_____

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1.  This Protective Order applies to all documents, Material, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by a lawyer, the lawyer certifies that the designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personnel, employment, financial and/or tax records, medical, corrections records, or other information implicating privacy or proprietary interests of either the Plaintiff, the Defendants or a third party. The documents so designated will be deemed "Confidential Information" subject to this Protective Order.

4. Materials produced by the parties prior to the entry of this Stipulated Protective Order which were not marked as "Confidential" shall be deemed to be Confidential Information for purposes of this Stipulated Protective Order.

5. Confidential Information is subject to the following restrictions. Confidential Information may be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and must not be disclosed in any way to anyone except:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case;

(c) the parties, including Plaintiff's and Defendant's designated representatives and insurers;

(d) stenographic reporters who are engaged in proceedings in this action;

(e) the Court and its employees ("Court Personnel");

(f) retained expert witnesses and consultants;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties;

6. A subset of the information characterized as Confidential Information may be designated Confidential – Attorneys Only Information (such records to be marked "Confidential – Attorneys Only"). Any information so designated, including information designated as Confidential – Attorneys Only prior to entry of this Stipulated Protective Order, shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information be disclosed to:

(a) to the Court and stenographic reporters in this action;

(b) to attorneys of record in this action as well as their associated lawyers, legal assistants, and secretarial and clerical personnel engaged in assisting them in this litigation;

(c) To an insurance representative, if any, whose policies could apply to the allegations of the Complaint;

(d) To expert witnesses in this action; and

(e) To other persons by written agreement of the parties.

7. For any disclosures under Paragraph 4(f) through (h) and Paragraph 5(d) through (e), the person to whom the Confidential Information is being disclosed must first review a copy of this Protective Order and counsel shall obtain verbal or written agreement from such person that he or she will be bound by its provisions.

8. This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Information.

9. No documents containing Confidential Information may be reproduced except as necessary in the litigation of this action. Any copy of a document containing or summarizing Confidential Information must be stamped "CONFIDENTIAL" unless medical or tax records are obtained by an opposing party by means of a release and request or subpoena, issued to a third party, such records will automatically be deemed to be confidential. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

10. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Information. Counsel must also advise their clients about the requirements of this Protective Order.

11. Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY."

12. Whenever deposition testimony involves the disclosure of Confidential Information or Confidential-Attorneys Only Information, the testimony should be identified on the record as Confidential or Confidential-Attorneys Only wherever possible. A party may later designate portions of depositions as Confidential or Confidential-Attorneys Only after transcription, provided written notice of the designation

is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain Confidential Information shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL and the cover page of the transcripts that contain Confidential Information shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

13. A party may object to the designation of a document as Confidential Information by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Information. The disputed information must be treated as Confidential Information until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Information.

14. The obligation to preserve the confidentiality of Confidential Information survives the termination of this action, except for Confidential Information that is disclosed at trial. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

15. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information

shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and any other Rule pertaining to the sealing or restricting access of confidential documents. The party wishing to disclose confidential documents has an obligation to confer with the opposing party and to file the documents as "restricted documents," pursuant to D.C.COLO.LCiv.R 7.2(D), if appropriate. The party who possesses an interest in maintaining the confidentiality of any documents will be responsible for filing any "motions to restrict access" or equivalent motions to protect the confidentiality of the documents.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17.     Nothing in this Protective Order will prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order will prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

DATED this 8th day of January, 2013.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED AS TO FORM:

| | |
|---|---|
| RATHOD & MOHAMEDBHAI | VAUGHAN & DeMURO |
| *s/ Qusair Mohamedbhai* | *s/ Jennifer C. Madsen* |
| Qusair Mohamedbhai | David R. DeMuro |
| Siddhartha Hardas Rathod | Jennifer C. Madsen |
| Arash Jahanian | 3900 E. Mexico Ave., Suite 620 |
| 1518 Blake Street | Denver, Colorado 80210 |
| Denver, Colorado 80202 | Telephone: (303) 837-9200 |
| Telephone: (303) 578-4400 | Fax: (303) 837-9400 |
| Fax: (303) 578-4401 | Email: jmadsen@vaughandemuro.com |
| Email: qm@rmlawyers.com | |
| Attorneys for Plaintiffs | Attorneys for Defendant Wells |

CAIN & HAYTER

*s/ Kristine K. Hayter*
Kristine K. Hayter
1555 Quail Lake Loop, Suite 100
Colorado Springs, CO 80906
Telephone: (719) 575-0010
Fax: (719) 575-0020
Email: khayter@cainhayter.com

Attorneys for Defendants Tom Clements, Jim Keller, Liesl Schumacher and John Orey