IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00936–REB–KMT


JOHN MORGAN,
DUSTIN COOK,
PAUL STARK, and
JERROD THOELE,

      Plaintiffs,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, in his
official capacity,
JEFFREY WELLS, Community Parole Officer, in his individual and official capacities,
JIM KELLER, Colorado Department of Corrections Parole Team Leader, in his individual and
official capacities,
LIESL SCHUMACHER, Colorado Department of Corrections Parole Supervisor, in his
individual and official capacities,
JOHN OREY, Colorado Department of Corrections Parole Supervisor, in his individual and
official capacities, and
JAMES J. FITZPATRICK, Commander, Special Operations Unit, in his individual and official
capacities,

      Defendants.

---

## ORDER

---

      This matter is before the court on "Defendant Wells' Motion to Stay Discovery" [Doc.

No. 62], "Defendants Tom Clements, Jim Keller, Liesl Schumacher and John Orey's [the "DOC

Defendants"] Motion to Stay All Proceedings Pending Ruling on Motion to Dismiss" [Doc. No.

64] and "Defendants' Motion for Protective Order Related to Noticed Depositions of Dobbs,

Herndon and Messamore" [Doc. No. 69].  Plaintiffs responded to each motion and replies were filed by Wells and the DOC Defendants.  The matter of the propriety of a stay and the concomitant protective order concerning depositions is ripe for review and ruling.

Wells and the DOC Defendants' primary argument supporting a request to stay further discovery is based on their assertion of qualified immunity as a defense to liability and immunity from suit.  Plaintiffs argue that Defendants missed their opportunity to argue qualified immunity at the Fed. R. Civ. P. 12(b) stage and that the defense can now only be raised in a motion for summary judgment.[1]  Given the current posture of the case and the fact that some discovery has been undertaken, Plaintiffs argue that a stay is inappropriate even in the face of the qualified immunity defense.

### LEGAL STANDARDS

### A.    Qualified Immunity

The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Saucier v. Katz*, 533 U.S. 194, 121 (2001).

---

[1] The court, upon motion of the Plaintiff, converted the Defendants' Motions to Dismiss into Motions for Summary Judgment.  See Minute Order dated February 4, 2013 [Doc. No. 77].  Defendants have moved for reconsideration.  [Doc. No. 90.]  That motion remains pending.

Because of the underlying purposes of qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden." *Id.* Plaintiff first must establish that the facts, taken in the light most favorable to Plaintiff, show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If Plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id.* The United States Supreme Court has altered somewhat the analytical process outlined in *Saucier*, holding that the sequence of the analysis is no longer mandatory. *Pearson v. Callahan*, 555 U.S. 223 (2009). The judges of the district courts and the courts of appeals are now permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Id.* at 236. The Supreme Court noted, however, that the sequence set forth in *Saucier* often is the appropriate analytical sequence. *Id.*

The determination regarding the applicability of qualified immunity must be made "in light of the specific context of the case, not as a broad general proposition." *Saucier,* 533 U.S. at 201. "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the plaintiff fails to satisfy either part of his heavy burden the court must grant the defendant qualified immunity and dismiss the deficient claims.

3

**B.      *Stay of Proceedings***

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–CV–01934–LTB–PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26

does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective
> order in the court where the action is pending . . . .  The court may, for good
> cause, issue an order to protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover, [t]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (*citing Kansas City S. Ry. Co. v. United

States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of

this court's discretion.  *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay

discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN

WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE

§ 2040, at 198 (3d ed.2010).  Although a stay of all discovery is generally disfavored, *see Bustos

v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution

of a preliminary motion may dispose of the entire action."  *Nankivil v.. Lockheed Martin Corp.*,

216 F.R.D. 689, 692 (M.D. Fla. 2003).  *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc*., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved").  When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2 (*citing FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

### ANALYSIS

Claims of qualified  immunity shield government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights," *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982) and also grant an entitlement not to stand trial or face the other burdens of litigation.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 -1946 (U.S. 2009).  These immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including "avoidance of disruptive discovery."  *Id.; Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment).

As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection.

> If a Government official is to devote time to his or her duties, and to the
> formulation of sound and responsible policies, it is counterproductive to require
> the substantial diversion that is attendant to participating in litigation and making

5

> informed decisions as to how it should proceed. Litigation, though necessary to
> ensure that officials comply with the law, exacts heavy costs in terms of
> efficiency and expenditure of valuable time and resources that might otherwise be
> directed to the proper execution of the work of the Government. The costs of
> diversion are only magnified when Government officials are charged with
> responding to [the burdens of litigation discovery].

*Iqbal*, 129 S. Ct. at 1953.

The primary thrust of Plaintiff's argument against a stay is that Plaintiffs first filed this action in April 2012 and, after brief extensions granted by the Court, discovery is set to close April 8, 2013, with the dispositive motion deadline set for May 8, 2013 and a trial date in July, 2014. Plaintiffs argue that substantial written discovery has been undertaken and there is simply no reason to stay the case at this late date. Defendants retort that while a substantial period of time has passed, no more than one round of discovery has been undertaken by Plaintiffs and no depositions have occurred.

The fact that Defendants' motions to dismiss have been converted to motions for summary judgment disposes of little in terms of whether or not a stay is appropriate once qualified immunity was raised. Even at the summary judgment stage, "discovery up to the point when the qualified immunity issue is presented for adjudication may be appropriate." *Rome v. Romero,* 225 F.R.D. 640, 644 (D. Colo. 2004). The court recognizes that "[t]he protection of the governmental actor is best served when the issue of qualified immunity is raised at the earliest possible stage of the litigation,"and "[b]ecause the official controls when the issue is presented for adjudication, he cannot be said to be unduly burdened if he foregoes an opportunity to address the issue prior to the commencement of discovery, and instead waits to assert it until

some point later in the litigation."  *Id.* (citing *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998)).

Abundant case law holds that "[i]n such circumstances, it may be appropriate to stay discovery

only after the official presents the issue, and to require responses to existing discovery requests.

*Id.* at 644.  *See also, e.g., Siegert*, 500 U.S. at 231.  That said, however, " [o]nce a defendant

pleads a defense of qualified immunity . . . until this threshold immunity question is resolved,

discovery should not be allowed."  *Siegert,* 500 U.S. at 231 (citation and internal quotation marks

omitted).

   This case has precisely followed the procedure mandated by *Siegert*.  Qualified immunity

was not originally raised in the defendants' motion to dismiss, the "lacking" motion to dismiss

was withdrawn, new motions raising qualified immunity were filed and discovery which was

outstanding at the time the motions were filed was required to be completed.  The question

which confronts the court at this stage is, "Should discovery be stayed at this point preventing

future discovery until the issue of qualified immunity is resolved?"  Overwhelming case law in

this District instructs in the affirmative when the policy behind presumptive stays in cases

involving legitimate issues of qualified immunity is balanced in accord with the *String Cheese*

factors.

   Plaintiffs' interests in proceeding expeditiously with the civil action and the potential

prejudice to Plaintiffs of a delay certainly, of course, weighs against granting a stay of discovery.

A stay at this juncture would put the July 2013 trial date in jeopardy as there has thus far been

little discovery other than one set of written submissions and responses.  The close of discovery

is currently scheduled less than one month from the date of this order without even one

deposition having been taken.   Therefore, after the District Court rules on the motions for summary judgment, if any claims in the case remain, there will necessarily be an additional several months of discovery required before the parties can proceed to trial.  The burden on the defendants, however, is great if a stay is not allowed because forcing them to trial within the next five months will effectively destroy the protection against trial and the rigors of litigation to which they are entitled should qualified immunity apply.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (quoting *Harlow,* 477 U.S. at 817-18) ("'subjecting government officials to either the costs of trial or to the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time" is improper.) Failing to rule on a qualified immunity defense prior to trial is erroneous.  *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

The convenience of the court factor appears to have neutral implications – it is inconvenient to the court's ability to schedule and manage its docket if the trial and other hearings are vacated because of a stay on discovery.  On the other hand, if qualified immunity does apply for one or more of the defendants, the court's judicial resources are wasted if spent on resolution of discovery disputes, pretrial conferences and trial.  Further, any adverse district court qualified immunity decision raising a legal question may be appealed on an interlocutory basis pursuant to the collateral order doctrine, which causes further havoc with the court's docket if a stay is not issued when the issue is first raised.  *Johnson v. Frankell*, 520 U.S. 911, 915 (1997); *Johnson v. Jones*, 515 U.S. 304, 309-11 (1995).

Defendants argue that the interests of other parties is not a factor in this case. This court, however, agrees with Plaintiffs that since Defendant Wells continues to be employed by the Colorado Department of Corrections and Plaintiffs allege the practice of detaining parolees longer than is justified by Colorado law and the U.S. Constitution persists within the Colorado Department of Corrections, other parolees or potential parolees in particular have an interest in seeing this litigation carried through. Further, the public has an interest in assuring that institutions such as the Department of Corrections are operating within the bounds of law. While this court does not give those considerations short shrift, those interests will be ultimately protected by allowing the proper progression of the case.

Considering all the factors in light of the facts of this case and the strong interest in resolving questions of qualified immunity before subjecting government officials to the vicissitudes of litigation, the court finds that a stay of discovery as to all parties in the action is appropriate until the District Court has ruled on the pending motions for summary judgment.

It is therefore **ORDERED**

1.      "Defendant Wells' Motion to Stay Discovery" [Doc. No. 62] is **GRANTED.**

2.      "Defendants Tom Clements, Jim Keller, Liesl Schumacher and John Orey's Motion to Stay All Proceedings Pending Ruling on Motion to Dismiss" [Doc. No. 64] is **GRANTED**.

3.      "Defendants' Motion for Protective Order Related to Noticed Depositions of Dobbs, Herndon and Messamore" [Doc. No 69] is **GRANTED**.

4.      Discovery is **STAYED** as to all parties until further order of the court.

9

5.      The parties shall file a status report with this court within ten business days of the

District Court's ruling on the outstanding motions for summary judgment, specifically

addressing the need for further scheduling and discovery.

It is also

**RECOMMENDED** that the trial date of July 15, 2013 be VACATED, subject to

rescheduling after ruling on the motions for summary judgment.

Dated this 12th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge