IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00936–REB–KMT

JOHN MORGAN,
DUSTIN COOK,
PAUL STARK, and
JERROD THOELE,

   Plaintiffs,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, in his official capacity,
JEFFREY WELLS, Community Parole Officer, in his individual and official capacities,
JIM KELLER, Colorado Department of Corrections Parole Team Leader, in his individual and official capacities,
LIESL SCHUMACHER, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities,
JOHN OREY, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities, and
JAMES J. FITZPATRICK, Commander, Special Operations Unit, in his individual and official capacities,

   Defendants.

**ORDER**

This matter is before the court on "Defendants' Motion to Amend Scheduling Order to Remove Certain 'Undisputed' Facts." (Doc. No. 65, filed Jan. 11, 2013.) Plaintiffs filed a response on February 2, 2013 (Doc. No. 76) and Defendants filed a reply on February 15, 2013 (Doc. No. 91.) Accordingly, Defendants' Motion is ripe for the court's review and ruling.

Defendants' Motion seeks to amend the "Undisputed Facts" section of the Scheduling Order to remove paragraphs four through nine. (*See* Doc. No. 29, filed Aug. 7, 2012, ¶¶ 4-9.) Those paragraphs relate to the actions and conclusions of Ed Herndon, a Criminal/Professional Standards Investigator with the Colorado Department of Corrections (CDOC) Office of the Inspector General. Generally, the "undisputed facts" in question state that Mr. Herndon investigated allegations that Defendant Wells falsified documents while with a previous employer and on his preemployment application with the CDOC, and that, during the course of that investigation, Mr. Herndon determined that Defendant Wells held parolees in jail longer than allowed by a Colorado Statute and CDOC Administrative Regulation. (Sched. Order ¶¶ 4-6.) Mr. Herndon's investigative report also states that Defendants Keller, Schumacher, and Orey admitted that they were aware of situations where Defendant Wells had held parolees in jail longer than the allowable time period. (*Id.* ¶¶ 7-8.)

Defendants' primary basis for seeking to amend the Scheduling Order is their concern that, by stipulating to these undisputed facts in the Scheduling Order, Defendants will be bound by these facts for purposes of summary judgment and trial and Mr. Herndon's opinions are now presumptively admissible at trial. Indeed, Plaintiffs bolster Defendants' concerns by opposing the Motion on the grounds that undisputed facts contained in the Scheduling Order amount to binding stipulations or judicial admissions that should not be disregarded or set aside at will. (*See* Resp. at 3-4.)

District Judge Robert E. Blackburn, however, has rejected the position that an "undisputed fact" contained in a Scheduling Order constitutes a binding judicial admission.

*Smith v. Argent Mortg. Co.,* 05-cv-02364-REB-BNB, 2007 WL 2484276, at *5 (D. Colo. Aug. 29, 2007) *aff'd* 331 F. App'x 549, 556 (10th Cir. 2009). In *Smith,* the magistrate judge concluded that a particular undisputed fact contained in the Scheduling Order entitled the plaintiffs to summary judgment. *Id.*

In rejecting this conclusion, Judge Blackburn noted that "[g]enerally, a scheduling order does not carry the binding effect of a pretrial order." *Id.* at *5*;*see also Smith,* 331 F. App'x at 556 ("It is settled that a pretrial order is generally the determinative document for purposes of setting forth the disputed fact issues to be decided at trial."); *Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002) ("[T]he pretrial order is the controlling document for trial."). Instead, "[a] statement in a scheduling order generally is meant to focus and guide a case, but it does not constitute a judicial admission under Fed. R. Civ. P. 8(d)." *Smith,* 2007 WL 2484276, at *5. Judge Blackburn further noted that the Final Pretrial Order clearly demonstrated that the purportedly "undisputed fact" was, in fact, vigorously disputed. *Id.* Accordingly, "[i]n the context of the record" in that case, Judge Blackburn concluded that the purportedly undisputed fact "in the Scheduling Order cannot be construed as a binding judicial admission which overcomes and obviates [the Defendants'] otherwise consistent denials" of the purportedly undisputed fact. *Smith,* 2007 WL 2484276, at *5; *see also Smith,* 331 F. App'x at 556-57 (the Tenth Circuit holding that "[c]onsidering defendants' explanation of the error and exclusion of the "undisputed fact" from the Final Pretrial Order, we are convinced that [Judge Blackburn] did not err in declining to treat the purported admission as binding.").

Judge Blackburn's ruling in *Smith* obviates Defendants' concerns that they will be bound by the Scheduling Order's "undisputed facts" regarding Mr. Herndon's investigation and conclusions.  In addition, a Final Pretrial Order, "the controlling document for trial," has not been entered in this case.  *Wilson,* 303 F.3d at 1215.  As such, Defendants may dispute these "undisputed facts" in the Final Pretrial Order.[1]

Altogether, because Defendants' concerns as to the effect of the "undisputed facts" contained in the Scheduling Order are unwarranted, the court sees no reason to amend the duly-entered Scheduling Order.  Therefore, for the foregoing reasons, it is

ORDERED that "Defendants' Motion to Amend Scheduling Order to Remove Certain 'Undisputed' Facts" (Doc. No. 65) is DENIED.

Dated this 14th day of March, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

---

[1] At this point, Plaintiffs should be on notice that Defendants contest Mr. Herndon's investigative report, and the parties should conduct discovery accordingly.