**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00936-REB-KMT

JOHN MORGAN,
DUSTIN COOK,
PAUL STARK, and
JERROD THOELE,

      Plaintiffs,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, in his
official capacity,
JEFFREY WELLS, Community Parole Officer, in his individual and official capacities,
JIM KELLER, Colorado Department of Corrections Parole Team Leader, in his
individual and official capacities,
LIESL SCHUMACHER, Colorado Department of Corrections Parole Supervisor, in his
individual and official capacities, and
JOHN OREY, Colorado Department of Corrections Parole Supervisor, in his individual
and official capacities,

      Defendants.

---

## ORDER RE: MOTION TO DISMISS

---

Blackburn, J.

      This matter is before me on the **CDOC Defendants' Partial Motion To Dismiss**

**Amended Complaint** [#19][1] filed July 16, 2012.  The plaintiffs filed a response [#30],

and the defendants filed a reply [#33].  I grant the motion in part and deny it in part.

## I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 133 (federal question).

---

[1]   "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, ___ F.3d ___, ____, 2013 WL 386283, *2 - *3  (10th Cir. 2013); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003).  I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Burnett*., ___ F.3d ____, 2013 WL 386283, *2 - *3.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Schneider*, 493 F.3d at 1177 (emphases in original).[2]

---

[2] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations

Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

A motion to dismiss based on Eleventh Amendment immunity is viewed as a motion to dismiss for lack of jurisdiction over the subject matter under Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) dismissal is not a judgment on the merits, but a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

### III.  ALLEGATIONS

The operative pleading is the plaintiffs' **Amended Complaint and Jury Demand** [#14] filed July 2, 2012.  At the times described in the complaint, the plaintiffs were parolees in the custody of the Colorado Department of Corrections.  The plaintiffs claim they were imprisoned unlawfully after being arrested for parole violations.  Specifically, the plaintiffs allege that defendant Jeff Wells, a Community Parole Officer, failed to file and serve timely parole violation complaints against plaintiffs after the plaintiffs were arrested.  Both the relevant statutes of the state of Colorado and the regulations of the

_____

must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

Colorado Department of Corrections (DOC) require that a parolee be served with a parole violation complaint or released within ten working days of the date of his arrest for a parole violation.  According to the complaint, an arrest date also is known as his hold date.  In addition, a parolee must be given a parole hearing within 30 days of his arrest or hold date.  According to the plaintiffs, Mr. Wells repeatedly failed to file complaints against parolees within ten days of their arrest and repeatedly arranged for parole hearings to be conducted more than 30 days after an arrest.  The plaintiffs say Mr. Wells falsified documents by modifying the hold dates listed in parole violation complaints to be able to file complaints against parolees more than ten days after their arrests and to conduct parole violation hearings more than 30 days after their arrests.

Each of the plaintiffs claims he was held in custody unlawfully based on Wells's actions.  Plaintiff John Morgan alleges he was held unlawfully form October 15, 2009, to May 14, 2010.  Plaintiff Dustin Cook alleges he was held unlawfully from November 29, 2009, to April 28, 2010.  Plaintiff Paul Stark alleges he was held unlawfully for 45 days, ending on September 24, 2009.  Plaintiff Jerrod Thoele alleges he was held unlawfully for seven days, ending on February 18, 2011.

The plaintiffs also assert claims against defendants Jim Keller, Liesl Schumacher, and John Orey, all of whom held supervisory authority over Mr. Wells. The plaintiffs allege that these three defendants were aware that Mr. Wells was holding parolees unlawfully, but they did nothing to remedy the problem.  According to the plaintiffs, defendants Tom Clements and James Fitzpatrick both had supervisory authority over Mr. Wells and failed to provide adequate training and supervision of Mr. Wells and others related to the processing of parole violation complaints.

Under 42 U.S.C. § 1983, the plaintiffs assert five claims for alleged violations of

their constitutional rights: (1) false imprisonment in violation of the Fourth and

Fourteenth Amendments, against all defendants; (2) deprivation of liberty without due

process in violation of the Fourteenth Amendment, against all defendants; (3) failure to

train, supervise, discipline, and/or monitor, in violation of the Fourth and Fourteenth

Amendments, against the defendants who were Mr. Well's supervisors in their individual

and official capacities; (4) fundamental unfairness of plaintiffs' parole revocations, in

violation of procedural and substantive due process rights under the Fourteenth

Amendment, against all defendants; and (5) manufacture of inculpatory evidence in

violation of the Fourteenth Amendment, against all defendants.  The defendants move

for dismissal of some aspects of these claims.

## IV.  ANALYSIS

### A.  Eleventh Amendment

The defendants argue that any claims against the defendants in their official

capacity are barred by Eleventh Amendment immunity.  Specifically, the defendants

challenge claims for retroactive declaratory relief and for compensatory and punitive

damages against the defendants in their official capacities.

There is no question that the Eleventh Amendment bars the plaintiffs' claims for

monetary damages to the extent those claims are asserted against the individual

defendants in their official capacities.  The Eleventh Amendment prohibits litigants from

bringing suit against the state in federal court unless the state waives that immunity or

Congress acts pursuant to its authority under the Fourteenth Amendment to override it.

***Will v. Michigan Dept. of State Police***, 491 U.S. 58, 66 (1989) (citing ***Welch v. Texas***

***Department of Highways and Public Transportation***, 483 U.S. 468, 472-473 (1987)

(plurality opinion)).  "[A] suit against a state official in his or her official capacity is not a

suit against the official but rather is a suit against the official's office . . . is no different from a suit against the State itself," *id.*, 109 S.Ct. at 2312 (internal citations omitted), and is thus barred by the Eleventh Amendment.  This same immunity extends not only to states and state officials *per se*, but further to "arms of the state" and their employees.  *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  "[T]he DOC is an arm of the state and should be entitled to absolute [Eleventh Amendment] immunity."  *See Eastwood v. Department of Corrections of State of Oklahoma*, 846 F.2d 627, 631 (10th Cir. 1988).

The plaintiffs' claims for compensatory and punitive damages against the defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed.  The plaintiffs' claims for declaratory relief remain viable because declaratory relief may be relevant to the plaintiffs' claims for damages against the defendants in their individual capacities.  However, to the extent the plaintiffs' claims for declaratory relief are relevant only to the plaintiffs' claims for damages against the defendants in their official capacities, the claims for declaratory relief must be dismissed.

## B.  *Heck v. Humphrey*

The defendants contend Mr. Morgan and Mr. Cook's claims arising from the revocations of their parole are barred by *Heck v. Humphrey*, 512 U.S. 477 (1997).  "When a state prisoner seeks damages [or other forms of redress] in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. "*Heck* also bars proceedings challenging the fact or duration of parole." *Hudson v. Mason*, 445 F. App'x 139, 140 (10th Cir. 2011) (internal quotations omitted) (affirming dismissal of civil rights action stemming from parole revocation when the parole revocation decision was not invalidated).

Mr. Morgan and Mr. Cook both allege that the end result of the filing of parole violation complaints against them was the revocation of their parole. ¶¶ 51, 62. Mr. Morgan and Mr. Cook do not allege that their parole revocations have been invalidated. The plaintiffs argue, however that the actions of the DOC's Office of the Inspector General constitute a determination by an authorized tribunal that Mr. Morgan and Mr. Cook's parole revocations were invalid. In the complaint, the plaintiffs allege that the Office of the Inspector General investigated discovered that Mr. Wells repeatedly held parolees after they had been arrested longer than permitted by Colorado statute and DOC regulations. ¶ 17. The plaintiffs do not allege any other determinations by the Inspector General. This alleged determination does not address specifically Mr. Morgan or Mr. Cook, and does not constitute a declaration that the parole revocations imposed on Mr. Morgan and Mr. Cook's were invalid.

Judgment in favor of Mr. Morgan or Mr. Cook on any of the five claims they assert in the complaint necessarily would imply the invalidity of the parole revocation decisions they describe in the complaint. These revocations have not been declared to be invalid. Therefore, the claims of Mr. Morgan and Mr. Cook are barred by *Heck*, and

the motion to dismiss must be granted as to these claims.

C.  Statute of Limitations

The defendants argue that the claims of Mr. Morgan, Mr. Cook, and Mr. Stark are barred by the applicable two year statute of limitations.  The lynchpin to this issue is a determination of the date on which the claims accrued.  The initial complaint in this case was filed on April 8, 2012.  Absent tolling, any claim that accrued before April 8, 2010, is barred by the statute of limitations.

Resolution of the statute of limitations issues requires a clear categorization of the nature of the plaintiffs' claims.  In their First Claim for Relief, the plaintiffs assert a constitutional claim in the nature of false imprisonment.  In their Second Claim for Relief, the plaintiffs assert a constitutional claim for deprivation of liberty without due process, a claim often analogized to a claim for malicious prosecution.  I will refer to these claims by their simplest labels, false imprisonment and malicious prosecution. These two claims accrue at different times.

In *Mondragón v. Thompson*, the plaintiff, Christopher Mondragón, alleged that the defendant concocted and forged a warrant for Mondragón's arrest.  Based on the warrant, Mondragón was jailed for approximately three months.  Addressing Mondragón's claims, the Tenth Circuit concluded:

> (A) plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims. "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 - 86 (10th Cir.2004). If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution. These torts are only analogies because

8

§ 1983 suits ultimately rest on the Constitution, not on state (or federal) common law. *Pierce*, 359 F.3d at 1285 - 88.

*Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (footnote omitted). A constitutional claim in the nature of false imprisonment accrues when the plaintiff is released from the imprisonment or when legal process is instituted justifying the imprisonment. *Id.* at 1083. (10th Cir. 2008). A constitutional claim in the nature of malicious prosecution arises and accrues only when "the original action, whatever form it has taken, has been terminated in favor of the plaintiff." *Id.* (internal quotation omitted).

In the case of an alleged parole violation, a complaint alleging the violation is legal process which justifies an imprisonment. In Mr. Morgan's case, a series of parole violation complaints were initiated in September and October of 2009. ¶¶ 36 - 48.[3] Mr. Morgan was released from custody tied to the parole violation complaint on May 14, 2010. ¶ 52. In Mr. Cook's case, a parole violation complaint was filed on November 9, 2009. ¶ 57. Mr. Cook was released from custody tied to the parole violation complaint on April 28, 2010. ¶ 62. In Mr. Stark's case, a parole violation complaint was filed on August 17, 2009. ¶ 70. Mr. Stark was released from custody tied to the parole violation complaint on September 24, 2009. ¶ 75.

In each of these three cases, legal process to justify the imprisonment was instituted more than two years before the complaint was filed in this case. Absent tolling, the plaintiffs' false arrest claims are time barred.

Mr. Morgan and Mr. Cook were released from the allegedly improper imprisonment less than two years before they filed their complaint in this case. Thus,

---

[3] I refer to the complaint by paragraph number.

their malicious prosecution claims were timely filed.[4]

On the other hand, Mr. Stark was released from the allegedly improper imprisonment more than two years before the complaint was filed in this case. Absent tolling, Mr. Stark's malicious prosecution claim is not timely.

Mr. Stark claims he is entitled to equitable tolling of the statute of limitations because he did not become aware of the Inspector General's investigation or conclusions concerning the conduct of Mr. Wells and other defendants until February 2012. When a claim is untimely on its face, the plaintiff bears a heavy burden of demonstrating a viable basis for tolling. *McDaniel v. Denver Lending Group, Inc.*, 2009 WL 1873581 at *15 (D. Colo. June 30, 2009). Equitable tolling is limited to "rare and exceptional circumstances." *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003). Tolling is available only "when [a plaintiff] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Mr. Stark alleges that the two parole complaints filed against him were dismissed or rejected by the parole board because the applicable time requirements were not satisfied with regard to those complaints. ¶¶ 66, 74. With those two dismissals, Mr. Stark reasonably was on notice that he had been held in jail based on procedurally improper complaints. That is the basis of his claims in this case. The elements of Mr. Stark's claims facially were satisfied when the two complaints were dismissed, and the bases for the dismissals was not concealed from Mr. Stark. There is no indication in the complaint that the Inspector General's investigation revealed to Mr. Stark for the first

---

[4] Even if timely, the claims of Mr. Morgan and Mr. Cook are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1997).

time new information vital to Mr. Stark's claims.  A cause of action accrues even though the plaintiff may not be aware of all of the evidence relevant to his or her claim. ***Baker v. Bd. of Regents of State of Kan.***, 991 F.2d 628, 632 (10th Cir. 1993).  Mr. Stark is not entitled to equitable tolling of the limitations period.

The false arrest claims of Mr. Morgan, Mr. Cook, and Mr. Stark are time barred. The malicious prosecution claims of Mr. Morgan and Mr. Cook are not time barred, but they are barred under ***Heck v. Humphrey***, 512 U.S. 477 (1997).  The malicious prosecution claim of Mr. Stark is time barred.  I note further that the Third, Fourth, and Fifth Claims for Relief of Mr. Stark are based on essentially the same facts as his First and Second Claims for relief.  Therefore, I conclude that Mr. Stark's Third, Fourth, and Fifth Claims for Relief also are time barred.

D.  Punitive Damages & Manufacture of Inculpatory Evidence

Having reviewed the complaint and the arguments of the parties, I conclude that the allegations in the complaint are sufficient to state claims for punitive damages and for manufacture of inculpatory evidence.  The motion to dismiss is denied as to these claims.

**V.  CONCLUSION & ORDERS**

The plaintiffs' claims for compensatory and punitive damages against the defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed.  To the extent the plaintiffs' claims for declaratory relief are relevant only to the plaintiffs' claims for damages against the defendants in their official capacities, the claims for declaratory relief must be dismissed.  Otherwise, the claims for declaratory relief are not subject to dismissal.  The claims of Mr. Morgan and Mr. Cook are barred by ***Heck***, and these claims must be dismissed.  Mr. Stark's claims are time

barred and must be dismissed.  Otherwise, the motion to dismiss is denied.

**THEREFORE, IT IS ORDERED** as follows:

1.   That the **CDOC Defendants' Partial Motion To Dismiss Amended Complaint** [#19] filed July 16, 2012, is **GRANTED** in part as to the claims specified below;

2.  That under FED. R. CIV. P. 12(b)(1), the plaintiffs' claims for compensatory and punitive damages against the defendants in their official capacities, and any related claims for declaratory relief, are **DISMISSED**;

3.  That under FED. R. CIV. P. 12(b)(6), the claims of plaintiffs John Morgan and Dustin Cook are **DISMISSED** because they are barred under *Heck v. Humphrey*, 512 U.S. 477 (1997);

4.  That under FED. R. CIV. P. 12(b)(6), the claims of plaintiff Paul Stark are **DISMISSED** because they are time-barred;

5.  That plaintiffs John Morgan, Dustin Cook, and Paul Stark are **DROPPED** as plaintiffs in this action, and the caption shall be **AMENDED** accordingly;

6.  That otherwise, the **CDOC Defendants' Partial Motion To Dismiss Amended Complaint** [#19] filed July 16, 2012, is **DENIED**.

Dated March 18, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

12