**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00936-RM-KMT

JERROD THOELE,

    Plaintiff,

v.

ROGER WERHOLTZ, Interim Executive Director of the Colorado Department of Corrections, in his official capacity,
JEFFREY WELLS, Community Parole Officer, in his individual and official capacities,
JIM KELLER, Colorado Department of Corrections Parole Team Leader, in his individual and official capacities,
LIESL SCHUMACHER, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities, and
JOHN OREY, Colorado Department of Corrections Parole Supervisor, in his individual and official capacities,

    Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Defendant Jeffrey Wells' Motion to Dismiss (ECF No. 61) and on the remaining Defendants' Motion to Dismiss (ECF No. 63), each of which was previously ordered converted into a summary judgment motion upon motion of the Plaintiffs[1] (ECF No. 77). Plaintiff Jerrod Thoele ("Plaintiff") brings this action against Roger Werholtz, Interim Executive Director of the Colorado Department of Corrections; Jeffrey Wells, Community Parole Officer; Jim Keller, Parole Team Leader; Liesl Schumacher, Parole Supervisor; and John Orey, Parole Supervisor, (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983.

---

[1] John Morgan, Dustin Cook, and Paul Stark are also Plaintiffs in this action, but as further explained below, their claims were dismissed by prior action of this Court. In this Order, however, their claims are re-examined upon a motion for reconsideration, so "Plaintiffs" will be used to refer to all original Plaintiffs collectively.

I.   BACKGROUND

Plaintiffs seek relief under 42 U.S.C. § 1983 for violations of constitutional rights under the Fourth and Fourteenth Amendments. Plaintiffs allege that as a result of Defendant Wells' falsification of hold dates, complaints were improperly served or filed against parolees. According to Plaintiffs, the Parole Board would treat those complaints as valid, and the Board would schedule Parole Hearings more than thirty days after the arrests in question. (ECF No. 14, Am. Compl., at 5.) Defendants Keller, Schumacher, Orey, and Werholtz are Defendant Wells' supervisors. (*Id*. at 4.) Defendants have filed motions to dismiss under 12(b)(6) and, as will be explained below, under 12(b)(1).

In considering a motion under Rule 12(b)(6), a court must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). All well-pleaded allegations of the Complaint must be accepted as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). Mere conclusory statements or legal conclusions masquerading as factual contentions will not suffice to defeat a motion to dismiss. *See also Ruiz v. McDonnell*, 299 F.3d 1172, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."). A court must review the Complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). "The court's function

on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

## II.   PROCEDURAL HISTORY

A significant discussion of the procedural history is warranted in this case. That history is difficult, and I will attempt to clarify it here.

The original Complaint was filed on April 8, 2012 on behalf of Plaintiffs John Morgan, Dustin Cook, Paul Stark, and Jerrod Thoele, against Defendant Tom Clements (who was then Executive Director of the CDOC), Jeffrey Wells, Jim Keller, Liesl Schumacher, John Orey, and James J. Fitzpatrick. (ECF No. 1.) James J. Fitzpatrick was dismissed from the action on Plaintiffs' motion. (ECF No. 35.) Defendant Clements is deceased, and the case caption was

changed to reflect the Interim Executive Direction of the Colorado Department of Corrections, Defendant Roger Werholtz. (ECF No. 110.)

On June 11, 2012, Defendants (excepting Fitzpatrick) filed a Motion to Dismiss the Complaint alleging, among other things, Eleventh Amendment immunity, qualified immunity, pleading deficiencies, and statute of limitations. (ECF No. 11.) On July 2, 2012, Plaintiffs filed an Amended Complaint, and simultaneously filed a Response to Defendants' Motion to Dismiss. (ECF Nos. 14, 15). In turn, Defendants (again excepting Fitzpatrick) then filed a Partial Motion to Dismiss Plaintiffs' Amended Complaint on July 16, 2012, basing this motion on some of the same arguments as were put forth in their previous Motion to Dismiss, but omitting qualified immunity and adding an argument based on *Heck v. Humphrey*, 512 U.S. 477 (1994) (hereinafter "*Heck v. Humphrey*"). (ECF No. 19.)

Throughout these stages, the Colorado Attorney General's Office appeared on behalf of all Defendants except for James J. Fitzpatrick. (ECF No. 10.) As noted earlier, Mr. Fitzpatrick was subsequently dismissed from the case on an unopposed motion by Plaintiffs. (ECF Nos. 34, 35.)

On December 7, 2012, the Colorado Attorney General filed an Unopposed Motion for Substitution of Counsel, citing a conflict of interest. Private counsel was brought in to represent Defendant Wells individually, and separate private counsel was retained for Defendants Clements (now Werholtz), Keller, Schumacher, and Orey (referred to hereinafter as the "Supervisory Defendants"). (ECF No. 41.)

On December 14, 2012, after the change of counsel, Defendants moved to withdraw without prejudice their Partial Motion to Dismiss the Amended Complaint, and sought leave to re-file separate motions to dismiss, "primarily to assert the additional defense of qualified

4

immunity." (ECF No. 53.) This motion explained that "[a]lthough qualified immunity was raised in prior counsel's motion to dismiss the original complaint… it was not asserted as a ground for dismissal in Defendants' Partial Motion to Dismiss Amended Complaint." (ECF No. 53 at 3.) The motion stated that "Defendants may also drop or add other defenses to the motion." (*Id.*) That motion was granted by Magistrate Judge Tafoya on December 18, 2012. (ECF No. 56.)

What the Defendants intended to do in filing this and the subsequent new motions is less than clear. At the oral hearing before Magistrate Judge Tafoya, the Defendants spoke primarily in terms of additional defenses they wished to add. Notwithstanding that rationale, the motions to dismiss they ultimately filed did not re-assert all of the original defenses. Specifically, Eleventh Amendment immunity was not carried forward. And the *Heck v. Humphrey* defense was raised only by Defendant Wells. In January of 2012, Defendant Wells filed a Motion to Dismiss the Amended Complaint, and the Supervisory Defendants filed a separate Motion to Dismiss the Amended Complaint. (ECF Nos. 61, 63.) Defendant Wells' Motion to Dismiss asserted the defense of qualified immunity and also argued that the claims brought by Morgan, Cook and Stark were barred by the statute of limitations. (ECF No. 61.) In his motion, Defendant Wells only briefly referenced *Heck v. Humphrey* (ECF No. 61 at 13.) The Supervisory Defendants' Motion to Dismiss asserted the following arguments: (1) that Colorado law does not require that a parolee be served with the complaint within ten days of his arrest, so Plaintiffs have no cause of action based on state law; (2) that Plaintiffs' constitutional rights were not violated; (3) that Plaintiffs' allegations are insufficient to demonstrate personal participation on the part of the Supervisory Defendants; (4) that the Supervisory Defendants are entitled to qualified immunity; (5) that Plaintiffs have no claim for false imprisonment because they are not

5

entitled to parole; (6) that Plaintiffs' claim for declaratory relief should be deemed moot; (7) that Plaintiffs' claims for money damages are barred under the Prison Litigation Reform Act because they have not alleged physical injury; (8) that the allegations fail to justify punitive damages; and (9) that the claims of Plaintiffs Morgan, Cook and Stark are barred by the statute of limitations. (ECF No. 63.)

On February 1, 2013, Plaintiffs filed a Motion to Convert the Motions to Dismiss to Motions for Summary Judgment (ECF No. 71). The District Judge previously assigned to this case granted that motion on February 4, 2013, before a response from Defendants was filed. (ECF No. 77). The Defendants filed a motion to reconsider the conversion order on February 15, 2013. (ECF No. 90.)

Without ruling on the motion to reconsider, on March 18, 2013 the prior District Judge issued an order (the "Prior Order"), granting in part and denying in part the Defendants' Partial Motion to Dismiss (ECF No. 19), and dismissing several of Plaintiffs' claims. To be clear, the motion ruled upon and substantially granted was the motion to dismiss that had been withdrawn on December 18, 2002—not the latter motions filed at ECF Nos. 61 and 63 which had been converted into summary judgment motions on February 4, 2013. The Prior Order dismissed: (a) all Plaintiffs' claims for compensatory and punitive damages (and related claims for declaratory relief) against Defendants in their official capacities as barred by the Eleventh Amendment; (2) Plaintiffs Morgan and Cook's claims as barred by *Heck v. Humphrey*; and (3) all of Plaintiff Stark's claims as time-barred. (ECF No. 99). Thus, Plaintiffs Morgan, Cook and Stark were dismissed from the case. No mention was made in the Prior Order of the motions filed at ECF Nos. 61 and 63.

On April 26, 2013, Plaintiffs filed a motion for reconsideration of the Prior Order (ECF No. 103), arguing that the Court should reconsider because the Court had ruled on a motion (ECF No. 19) that had been withdrawn. Thereafter, this case was reassigned to the current District Judge. A status conference was held on May 28, 2013, during which the Court granted Plaintiff's Motion for Reconsideration (ECF No. 115). This Court, at that time, denied the motion to reconsider the conversion of the dismissal motions to summary judgment motions. The Court has now fully reconsidered all aspects of the history and prior rulings in this case.

## III.     ANALYSIS

Plaintiffs bring the following five claims: (1) False Imprisonment in violation of 42 U.S.C. § 1983, under the Fourth and Fourteenth Amendment (against all Defendants); (2) Deprivation of Liberty Without Due Process in violation of 42 U.S.C. § 1983, under the Fourth Amendment (against all Defendants); (3) Failure to Train, Supervise, Discipline, and/or Monitor in violation of 42 U.S.C. § 1983, under the Fourth and Fourteenth Amendment (against Defendant Supervisors in their Individual and Official Capacities); (4) Fundamental Unfairness of Plaintiffs' Parole Revocations in violation of 42 U.S.C. § 1983, under the Fourteenth Amendment as to Procedural and Substantive Due Process (against all Defendants); and (5) Manufacture of Inculpatory Evidence in violation of 42 U.S.C. § 1983, under the Fourteenth Amendment (against all Defendants).

### A.     Conversion to Summary Judgment

As noted above in the procedural history section, Plaintiff filed a Motion for Order to Convert Motions to Dismiss For Summary Judgment on February 1, 2013, and that motion was granted by minute order. Defendants filed a Motion to Reconsider the order converting their Rule 12(b)(6) motions to dismiss into motions for summary judgment. (ECF No. 90.) I held a

hearing on this matter on May 28, 2013, and at that time, I denied Defendants' Motion to Reconsider. However, having now fully considered the broader issues in this case, it has become necessary to vacate my prior ruling on the conversion issue, and grant the motion to reconsider. Under Rule 54(b), I have the power to revise any order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties before the entry of final judgment. As the purposes for the conversion are unclear to the present Court (other than, perhaps, to backfill pleading deficiencies) and as the order of February 4, 2013 was entered before the party opposing conversion had a chance to respond, I now vacate the prior minute order granting the conversion to summary judgment, and will consider the pending motions under the appropriate motion to dismiss standard.

### B.   Reconsideration of the Prior Order

In the same hearing on May 28, 2013, I granted Plaintiffs' Motion to Reconsider the Prior Order. (ECF No. 115.) I have now reconsidered. And I have concluded that despite the procedural difficulties, the core of the Prior Order will stand, based on varied reasoning as set out below.

#### *i.*   *Eleventh Amendment*

In the initial, subsequently withdrawn motion to dismiss filed by the Attorney General (ECF No. 19), Defendants argued that any claims against them in their official capacities were barred by Eleventh Amendment immunity. Plaintiffs had a full opportunity to respond and did so. The Prior Order agreed that Eleventh Amendment immunity applied, and found that the plaintiffs' claims for compensatory and punitive damages, and related claims for declaratory relief, against the Defendants in their official capacities must be dismissed. (ECF No. 99 at 6.) Although Defendants did not re-assert their Eleventh Amendment defense in the pending

motions to dismiss filed after private counsel was retained, the matter had been responded to previously by Plaintiffs, and that response contained little by way of substantive and cogent objections.

A motion to dismiss based on Eleventh Amendment immunity is viewed as a motion to dismiss for lack of jurisdiction over the subject matter under Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) dismissal is not a judgment on the merits, but a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). Pursuant to Fed. R. Civ. P. 12(h)(3), I must dismiss if I determine at any time that the Court lacks subject matter jurisdiction. Thus, notwithstanding the procedural difficulties, I find Plaintiffs' claims against Defendants in their official capacities are barred by the Eleventh Amendment. I adopt that portion of the Prior Order in full; Plaintiffs' claims against Defendants in their official capacities are hereby dismissed as set forth in the Prior Order.

### ii.   *Heck v. Humphrey*

The *Heck v. Humphrey* argument is a defense that was raised in the initial round of briefing, then subsequently minimized[2], but nonetheless fully briefed and ruled upon by the Prior Order. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1997), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[2] It would be incorrect to state that the *Heck v. Humphrey* issue was entirely dropped from the latter rounds of Defendants' motions. Defendant Wells raised the issue, albeit briefly and in a manner focused on one claim in his motion to dismiss. (ECF No. 61 at 13.)

The *Heck* decision applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). A prisoner cannot bring a § 1983 claim that challenges or calls into question the result of a parole revocation decision.

After giving this matter full reconsideration, I find that I have the power to rule on this issue. Although this is not a 12(b)(1) jurisdictional issue in the same way as the Eleventh Amendment issue, it has already been fully briefed by the parties with the Plaintiffs having had a full chance to respond to it on the merits. Moreover, it was, to a limited extent, raised and discussed by Defendant Wells in his subsequent motion. Further, I conclude that I would have the power to rule *sua sponte* on *Heck v. Humphrey* grounds even if the parties had not raised the issue and fully briefed it. *See, e.g.*, *Hudson v. Mason*, 445 Fed. App'x 139, 140-41 (10th Cir. 2011) (denying appeal from *sua sponte* dismissal on *Heck v. Humphrey* grounds). Thus, I opt to decide the *Heck v. Humphrey* issue, and I will adopt the analysis of the Prior Order as the basis for my decision. It is pointless, after both sides have had the opportunity to be fully heard and the law is clear on this point, to ignore the issue as a basis for dismissal.

As the Prior Order notes, Plaintiffs Morgan and Cook both allege that the end result of the filing of parole violation complaints against them was the revocation of their parole, and they do not allege that their parole revocations have been invalidated. They attempt to overcome this obstacle by alleging that an investigation was conducted by the DOC's Office of the Inspector General. Plaintiffs allege that the Inspector General concluded that parolees had been held longer than permitted by Colorado laws and regulations. (ECF No. 14 at 5.) But the Amended Complaint does not contain any allegation that the Inspector General could or did invalidate the resultant parole revocations. An allegation that Defendant Wells and/or the Supervisory Defendants held parolees longer than permitted by law does not equal a determination that the

parole revocations imposed on Plaintiffs Morgan and Cook were invalid. (ECF No. 99 at 7.) Accordingly, I adopt this portion of the Prior Order as the Order of the Court. The claims of Plaintiffs Morgan and Cook are barred by *Heck v. Humphrey*, and are hereby dismissed.

       *iii.*     *Statute of Limitations*

The statute of limitations portion of the Prior Order was a ruling on a defense that was also asserted in the new pending motions to dismiss (ECF Nos. 61, 63). As such, this defense has been fully briefed by the respective parties on multiple occasions. I analyze the issues in the same manner and reach the same conclusion as did the Prior Order. Accordingly, I incorporate the Prior Order's discussion and analysis of the statute of limitations as my findings and conclusions with respect to the issue as raised by ECF No. 61 and 63. The result is that the false arrest claims of Plaintiffs Morgan, Cook and Stark are time barred. Additionally, the malicious prosecution claim of Mr. Stark, as well as his Third, Fourth, and Fifth Claims for Relief, are also time barred.

      **C.**     **Currently Pending Motions to Dismiss**

Now, having fully reconsidered and adopted, on individually considered grounds, the above described portions of the Prior Order, I turn to the currently pending motions to dismiss. The end result of incorporating the portions of the Prior Order as discussed above is that the claims of all Plaintiffs except for Mr. Thoele are dismissed, and all claims against Defendants in their official capacities are dismissed as well. Thus, I am left with Plaintiff Thoele's claims for false imprisonment, deprivation of liberty without due process, fundamental unfairness, manufacture of inculpatory evidence and related claims against Defendants in their individual capacities.

As to the allegations specific to Plaintiff Thoele and Defendant Wells, the Amended Complaint is very thin—it only discusses possible interactions in a few enumerated paragraphs. These paragraphs allege that Plaintiff Thoele was placed on parole on September 8, 2010, was arrested on January 27, 2011 by Defendant Wells, and that Plaintiff "should have been released on February 10, 2011, but remained unlawfully imprisoned until February 18, 2011." (ECF No. 14 at ¶¶ 76-78.) The question is whether such allegations are enough in combination with the other generalized allegations about Defendant Wells' conduct to meet the pleading requirements of *Bell Atlantic*, 550 U.S. at 570 and its progeny. The Court does not think so.

Federal pleading requirements as interpreted in *Bell Atlantic* and in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-80 (2009), serve to "ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of…the collective term [d]efendants…with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleges to have committed.").

In this case, in terms of interactions of Defendant Wells and Plaintiff Thoele, it is not possible to discern from the Amended Complaint what Defendant Wells is alleged to have done. Did Wells fail to serve Thoele with a complaint within ten days? Did Wells fail to file a complaint within ten days? Did Wells change or falsify the arrest or filing date? Did he do all of the above? Only some of the above? Whether the answers to any or all of these questions is affirmative simply cannot be determined based on the Wells-Thoele specific allegations.

Defendant Wells approaches the lack of specificity in the context of a qualified immunity defense. Claims of qualified immunity shield government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and also grant an entitlement not to stand trial or face the other burdens of litigation. *Ashcroft*, 555 U.S. at 672; *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Iqbal*, 550 U.S. at 685 (internal quotation marks and citation omitted).

According to Defendant Wells, the Amended Complaint fails to allege his conduct with the requisite specificity. Consequently, the pleadings are inadequate to establish the violation of a constitutional right, regardless of whether the constitutional violation is claimed to be one of substantive due process, procedural due process, or otherwise. The Court agrees.[3]

And there is a further difficulty. At various points, the Amended Complaint alleges that Colorado law requires that parolees "be served with a Complaint or released within ten working days" of arrest (ECF No. 14 at ¶ 18) and that a constitutional violation was a function of a parole

---

[3] The closest Plaintiff Thoele comes to alleging some identifiable conduct of Defendant Wells is an allegation that "Defendant Wells altered official documents pertaining to the charging of parolees, including Plaintiffs, in order to make it appear as though certain tasks had been accomplished within statutory (C.R.S. 17-2-103.5) and administrative (AR 250-41 (iv)(c)) required timeframes." (ECF No. 14 at ¶¶ 24, 133.) This allegation refers only generically to conduct taken with respect to parolees – both Plaintiffs and non-plaintiffs. And it suffers from the mischaracterization of state law to be discussed above. For these reasons, the Court concludes that it does not solve the pleading deficiencies of the Amended Complaint.

hearing not being held within 30 days (ECF No. 14 at ¶¶ 20, 78, 92, 106, 111).  In this regard, the Amended Complaint asserts rights that do not exist under Colorado law and further assumes that federal constitutional rights are established by state law statutory deadlines.

Colorado law does not require that a parolee be *served* with a copy of the Complaint against him within ten working days of his arrest.  *Ramos v. Keller*, Case No. 09-cv-00824, 2010 WL 743666, at *7 (D. Colo. Mar. 2, 2010).  *People v. White*, 804 P.2d 247, 249 (Colo. App. 1990).  Moreover, despite the fact that state law requires a hearing within 30 days, due process only requires that revocation hearings be held within a "reasonable time."  And two months has been held to be constitutionally reasonable.  *Morrisey v. Brewer*, 408 U.S. 471, 488 (1972).

These errors are entwined with the pleading inadequacies noted earlier.  To the extent Plaintiff Thoele's claims may be dependent on the timing of service of the Complaint upon him, no constitutional violation is alleged.  Whereas he was released within 30 days of his arrest, it does not appear that the maximum statutory timeframe for a hearing was violated in Plaintiff Thoele's case.  And it is difficult to conceptualize a constitutional violation based on an eight day delay in Plaintiff Thoele's hearing or release (February 10-18, 2011) when a 30 day delay past the statutory period does not rise to the level of a constitutional violation.

Plaintiff Thoele's claims against Defendant Wells have not been pled with sufficient specificity in the § 1983 action to establish a constitutional violation.  Therefore, Plaintiff Thoele's allegations do not overcome the qualified immunity defense raised by Defendant Wells.

    ii.    *Supervisory Defendants*

Plaintiff Thoele may proceed against the Supervisory Defendants' by alleging facts sufficient to show either that the Supervisory Defendants are liable either through personal participation or through creation, promulgation or implementation of a policy which resulted in

the deprivation of his constitutional rights. *Brown v. Montoya*, 662 F.3d 1152, 1163-64 (10th Cir. 2011).

To the extent the Amended Complaint is interpreted as seeking to impose liability on the Supervisory Defendants on the basis of personal participation, the Amended Complaint must be supported by individualized allegations showing "exactly who is alleged to have done what to whom." *VanZandt v. Oklahoma Dept. of Human Servs*, 276 Fed. App'x 843, 847 (10th Cir. 2008). An affirmative link must exist between a defendant's conduct and the alleged constitutional violation. *Serna v. Colorado Dep't of Corrs*, 455 F.3d 1146, 1151-52 (10th Cir. 2006).

Here, there are inadequate allegations of personal participation. In terms of Plaintiff Thoele, the Amended Complaint does not allege that any Supervisory Defendant was involved in the failure to serve a Complaint, in the failure to file a Complaint, in records alteration or in any other conduct arguably directed towards Plaintiff Thoele.

Insofar as the Amended Complaint seeks to impose liability on the Supervisory Defendants on the basis of the promulgation, creation, implementation or other responsibility for a policy which caused a constitutional harm, the Amended Complaint suffers from the same infirmities. The Amended Complaint lumps the Supervisory Defendants together and suggests, in only the broadest of terms, that they could have better trained, monitored and/or stopped Defendant Wells. But at no point are there individualized pleadings as to each of the Supervisory Defendants which allege his or her role with respect to any policy. *See* ECF No. 14 at ¶¶ 13-23, 26-27. Something more than this is required for supervisory liability as r*espondent superior* is not an appropriate basis for liability.

There is an additional difficulty. In order for supervisory liability to attach, the policy must cause or permit an actor to commit a constitutional violation thereby causing constitutional harm. *Montoya*, 662 F.3d at 1165-66. Here, the Court has already concluded that the allegations as against the alleged direct actor – Defendant Wells – are insufficient to establish a constitutional violation. That being the case, the claim of supervisory liability based on policy must also fail.

The Amended Complaint fails with respect to the Supervisory Defendants just as it did with respect to Defendant Wells in terms of Plaintiff Thoele's claims. Because it fails to plead adequately constitutional violations by the Supervisory Defendants, their qualified immunity defense also has not been overcome.[4]

## IV.    CONCLUSION

On the basis of the foregoing, it is ORDERED as follows:

1. That under Fed. R. Civ. P. 12(b)(1), the plaintiffs' claims for compensatory and punitive damages against the defendants in their official capacities, and any related claims for declaratory relief, are **DISMISSED**;

2. That under Fed. R. Civ. P. 12(b)(6), the claims of Plaintiffs Morgan and Cook are **DISMISSED** as barred under *Heck v. Humphrey*, 512 U.S. 477 (1997);

3. That under Fed. R. Civ. P. 12(b)(6), the claims of Plaintiff Stark are **DISMISSED** because they are time-barred;

4. That under Fed. R. Civ. P. 12(b)(6), the claims of Plaintiff Thoele are **DISMISSED** as his allegations do not sufficiently allege a constitutional violation by Defendants, and accordingly, do not overcome Defendants' qualified immunity defense; and

---

[4] In light of this, the Court need not reach the remaining issues raised in the Supervisory Defendants' motion.

5. Defendants' motions to dismiss (ECF Nos. 19, 61 and 63) are **GRANTED** as described above.

DATED this 30th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge